KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5681
randy.jones2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR0690-JM |
| ) | |
| Plaintiff, ) | DATE: May 9, 2008 |
| ) | TIME: 11:00 a.m. |
| v. ) | |
| ) | **UNITED STATES' RESPONSE AND** |
| JESUS HERRERA-TORRES, ) | **OPPOSITION TO DEFENDANT'S** |
| ) | **MOTIONS TO:** |
| Defendant. ) | |
| ) | **1) COMPEL DISCOVERY AND** |
| ) | **PRESERVE EVIDENCE;** |
| ) | **2) SUPPRESS STATEMENTS AND** |
| ) | **CONDUCT A VOLUNTARY** |
| ) | **HEARING; AND** |
| ) | **3) FOR FURTHER MOTIONS** |
| ) | |
| ) | **TOGETHER WITH STATEMENT OF** |
| ) | **FACTS, MEMORANDUM OF POINTS AND** |
| ) | **AUTHORITIES, AND GOVERNMENT'S** |
| ) | **MOTION FOR RECIPROCAL DISCOVERY** |

COMES NOW, the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant U.S. Attorney, and hereby files its Response and Opposition to defendant's above-referenced motions. Said response is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

**I.**

**STATEMENT OF THE CASE**

On April 7, 2008, a federal grand jury returned a six-count indictment charging Defendant Jesus Herrera-Torres ("Herrera-Torres") with being a deported alien found in the United States; in violation of 8 U.S.C. §§ 1326 (a) and (b). On April 16, 2008, the Defendant was arraigned on the Indictment and entered a plea of not guilty.

The motions hearing is scheduled for May 2, 2008 at 11:00 a.m.

**II.**

**STATEMENT OF THE FACTS**

On February 10, 2008, at 9:40 p.m., U.S. Senior Border Patrol Agent (SPA) Devenport was patrolling the border near Tecate, California when he acknowledged and responded to a seismic sensor activation relayed by San Diego Sector Communications. As SPA Devenport arrived at an area located approximately 9 miles east of the Tecate, California Port of Entry and one quarter mile north of the international border with Mexico, he observed five sets of footprints heading northbound on a trial frequently used by individuals entering the United States illegally. SPA Devenport notified Supervisory Border Patrol Agent (SBPA) Daniel Ihlenfeld of the activation and SBPA Ihlenfeld began looking for the footprints on a dirt road approximately three quarters of a mile north of SPA Devenport. SBPA Ihkenfeld encountered two sets of footprints breaking south off of the road into the brush. SBPA Ihlenfeld followed the footprints for approximately 50 yards, when he found two individuals, trying to conceal themselves in thick brush, dressed in dirty clothing consistent with those worn by the majority of undocumented aliens who have previously used this entry method and location.

It has been SBPA Ihlenfelds' experience that smugglers and undocumented aliens commonly and routinely utilize this entry location in order to avoid detection and apprehension by United States Border Patrol Agents.

SBPA Ihlenfeld identified himself as a United States Border Patrol Agent and proceeded to conduct a field interview by separately questioning each individual in regards to their citizenship and immigration status in the United States. SBPA Ihlenfeld also inquired if they had or have ever obtained proper U.S. Immigration documents that would allow them to enter or remain in the United States. Both

1  individuals including the defendant, later identified as Herrera-Torres, responded "No" that they did not
2  posses such documents and added that they were illegally in the United States having entered by
3  walking across the international border earlier that same evening.  Both individuals also stated that they
4  are citizens and nationals of Mexico.  SBPA Ihlenfeld placed the two individuals under arrest and
5  transported them to the Tecate Border Patrol Processing Center.

6       At the Tecate Border Patrol Processing Station the biographical information, fingerprints, and
7  photograph of each subject were submitted into the Department of Homeland Security Record Checks
8  System.  This security system revealed that Herrera-Torres has extensive immigration and criminal
9  records.

## III.

## POINTS AND AUTHORITIES

### A. COMPEL DISCOVERY

The Government has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below:

(1) Brady Material.  The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not requested by the defense.  Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

1       Brady does not, however, mandate that the Government open all of its files for discovery. See

2 United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the

3 Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see

4 United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from

5 other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the

6 defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)

7 amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.

8 Attorney could not reasonably be imputed to have knowledge or control over. See United States v.

9 Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).

10       Brady does not require the Government "to create exculpatory evidence that does not exist,"

11 United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government

12 "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540

13 F.2d 432, 438 (9th Cir. 1976).

14       (2) Any Proposed Rule 404(b) Evidence. The Government has already provided Defendant with

15 information regarding Defendant's known prior criminal offenses. The Government will disclose in

16 sufficient time advance of trial, the general nature of any "other bad acts" evidence that the Government

17 intends to introduce at trial pursuant to Fed. R. Evid. 404(b). To the extent possible, the Government

18 will provide the Rule 404(b) evidence to Defendant within two weeks prior to trial. The Government

19 will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed.

20 R. Evid. 609.

21       (3) Request for Preservation of Evidence. The Constitution requires the Government to preserve

22 evidence "that might be expected to play a significant role in the suspect's defense." California v.

23 Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must

24 (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of

25 such a nature that the defendant would be unable to obtain comparable evidence by other reasonably

26 available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).

27       The United States will make every effort to preserve evidence it deems to be relevant and

28 material to this case. Any failure to gather and preserve evidence, however, would not violate due

1  process absent bad faith by the Government that results in actual prejudice to the Defendant. See Illinois
2  v. Fisher, _ U.S._ , 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58
3  (1988); United States v. RIVERA-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031,
4  1037-38 (9th Cir. 2000).

5      (4) Defendant's Statements. The Government recognizes its obligation under Rules 16(a)(1)(A)
6  and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's
7  written statements. The Government has produced all of Defendant's statements that are known to the
8  undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written
9  statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be
10  provided to Defendant.

11      The Government has no objection to the preservation of the handwritten notes taken by any of
12  the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must
13  preserve their original notes of interviews of an accused or prospective government witnesses).
14  However, the Government objects to providing Defendant with a copy of the rough notes at this time.
15  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have
16  been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th
17  Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require
18  disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a
19  report). The Government is not required to produce rough notes pursuant to the Jencks Act, because
20  the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1)
21  comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or
22  adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough
23  notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States
24  v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks
25  Act where notes were scattered and all the information contained in the notes was available in other
26  forms). The notes are not Brady material because the notes do not present any material exculpatory
27  information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303
28  F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the

defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3rd Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

(5) Tangible Objects. As previously discussed, the Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

(6) Expert Witnesses. The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall include the expert witnesses' qualifications, the expert witnesses opinions, and the bases and reasons for those opinions.

(7) Witness Addresses. The Government will provide Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective Government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir 1992), citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985); United States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

The Government objects to any request that the Government provide a list of every witness to the crimes charged who will not be called as a Government witness. "There is no statutory basis for granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)©."

1  United States v. Yung, 97 F. Supp. 2d 24, 36 (D. D.C. 2000), quoting United States v. Boffa, 513 F.
2  Supp. 444, 502 (D. Del. 1980).

3      (8) Jencks Act Material.  The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government
4  witness has testified on direct examination, the Government must give the Defendant any "statement"
5  (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to
6  the subject matter to which the witness testified. 18 U.S.C. § 3500(b).  A "statement" under the Jencks
7  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him,
8  (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement,
9  or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  While the Government is
10 only required to produce all Jencks Act material after the witness testifies, the Government plans to
11 provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

12     (9) Informants and Cooperating Witnesses.  At this time, the Government is not aware of any
13 confidential informants or cooperating witnesses involved in this case. The Government must generally
14 disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's
15 testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957).  If there is a
16 confidential informant involved in this case, the Court may, in some circumstances, be required to
17 conduct an in-chambers inspection to determine whether disclosure of the informant's identity is
18 required under Roviaro.  See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997).
19 If the Government determines that there is a confidential informant somehow involved in this case, the
20 Government will either disclose the identity of the informant or submit the informant's identity to the
21 Court for an in-chambers inspection. The Government recognizes its obligation under Brady and Giglio
22 to provide material evidence that could be used to impeach Government witnesses.

23     (10) Specific Request to View A-Files of Material Witnesses.  As previously discussed, the
24 Government recognizes its obligation under Brady and Giglio to provide material evidence that could
25 be used to impeach Government witnesses.

26     (11) Residual Request.  The Government will comply with all of its discovery obligations, but
27 objects to the broad and unspecified nature of Defendant's residual discovery request.

28

### B.     MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED AS MOOT

Defendant Herrera-Torres moves to suppress all statements made by him at the time of his arrest, and he also requests a voluntariness hearing. As there were no post-arrest statements made by Herrera-Torres at the time of his arrest, this motion and request are moot.

### C.     LEAVE TO FILE FURTHER MOTIONS

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

### D.     GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

#### 1.     Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16 in his motion for discovery. The Government has voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule, pertinent portions of which are cited below is applicable:

The Government hereby requests the defendant permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody, or control of the defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rules 16(d)(1) and (2) to insure that the Government receives the discovery to which it is entitled.

#### 2.     Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The new rule thus provides for the reciprocal production of <u>Jencks</u> statements. The Government hereby requests that the defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order

should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes, and reports.

## IV.
## **CONCLUSION**

For the foregoing reasons, Defendant's motions should be denied.

DATED: May 7, 2008

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
United States Attorney

s/ Randy K. Jones
RANDY K. JONES
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: randy.jones2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0690-JM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JESUS HERRERA-TORRES, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Anthony E. Colombo, Jr.  (Email: anthonycolombolegal@yahoo.com)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2008

          s/Randy K. Jones
          RANDY K. JONES